IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM TRUMAN STARK,

                        Plaintiff,                          OPINION & ORDER

    v.                                                      14-cv-148-jdp

ANTHONY RENARD FOXX,
United States Secretary of Transportation,

                        Defendant.

---

Plaintiff William Truman Stark works as the Civil Rights Program Manager with the Wisconsin Division Office of the United States Department of Transportation, Federal Highway Administration (FHWA). He applied for but was not offered a promotion to the position of Assistant Division Administrator (ADA) in 2011. Stark has filed a complaint under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a, naming as defendant the secretary of the Department of Transportation. Stark contends that the FHWA illegally discriminated against him by not selecting him because of his age. Dkt. 1. Stark also alleges that FHWA's failure to hire him was retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, because Stark reported sexual harassment by a co-worker and misuse of resources in connection with the FHWA Annual Meeting. He seeks appointment to the ADA position, backpay and benefits, and compensatory damages and costs.

Defendant has moved to dismiss Stark's complaint for failure to state a claim upon which relief may be granted. Dkt. 8. Defendant argues that Stark's lengthy and detailed complaint does not set out a plausible story of discrimination or retaliation, and accordingly it must be dismissed under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Stark's complaint, the substance of which is in attachments from his EEOC complaint, does not tell a very believable story of discrimination or retaliation. But

the court's task on a motion to dismiss is not to gauge the ultimate strength of plaintiff's case. Rather, the question is whether the complaint contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support liability for the wrongdoing alleged. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (citing *Twombly*, 550 U.S. at 556). Stark has alleged enough to give him the opportunity to see if he can find the evidence that he will need to prove his claim of age discrimination and his claim of retaliation for his report of sexual harassment. The court will dismiss Stark's claim based on the alleged retaliation for his report of misuse of FHWA resources because that report is not a protected activity under Title VII.

ALLEGATIONS OF FACT

The court will accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in Stark's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013).

Stark began working for the Wisconsin Office of FHWA as the Civil Rights Program Manager in 2003. Before that, he had a career in the United States military, where he served in both the Navy and the Army, and gained supervisory experience.

On October 12, 2006, Stark submitted a complaint to the Department of Transportation Office of Inspector General (OIG), alleging that the planning, funding, and execution of the FHWA Annual Meeting was unprofessional and inappropriate. Dkt. 1-4, at 41. Following an investigation, the OIG concluded that there was no evidence to support the allegations.

On April 15, 2007, Stark emailed his supervisor, Alan Steger, alleging that Wisconsin Division Administrator Bruce Matzke engaged in unwelcome sexual conduct toward female employees in the office. *Id.* at 40. The email requested that the OIG conduct a "full, complete,

and professional investigation in order to clear the air." *Id.* The next day, before the OIG could begin an investigation, Matzke retired from FHWA. *Id.* Stark alleges that Matzke made a point of telling him that he knew Stark had reported him and that "it would come back to cost" Stark. *Id.* at 43.

On July 15, 2011, Stark applied to the position of ADA of the Wisconsin Division Office. At the time he applied for the position, Stark was 53 years old. A 2009 memorandum outlined the hiring process, and mandated a panel to assess and narrow a list of candidates, then interview some of them, and finally select one for the job. Dkt. 1-1. Although Stark was on the initial list of candidates, he was not selected for an interview and was not selected for the position. The panel indicated that it did not select Stark because his supervisory experience from the military in the 1980s was "too long ago" and because his experience within FHWA was limited to only one location and one position. Dkt. 1-4, at 35. Instead, the panel selected a candidate who was 46 years old at the time and who had experience as a team leader at FHWA, but not as a supervisor.

On January 12, 2012, Stark filed a complaint with the Equal Employment Opportunity Commission (EEOC). He alleged that by not hiring him as ADA, FHWA discriminated against him on the basis of age and in retaliation for engaging in protected activities. The EEOC found in FHWA's favor on both the age discrimination and retaliation claims. In analyzing Stark's age discrimination claim, the EEOC assumed that he had a prima facie case of discrimination, but found that FHWA had articulated legitimate, nondiscriminatory reasons for non-selection that were not a proxy for unlawful discrimination. In analyzing Stark's retaliation claims, the EEOC explained that he had failed to establish a nexus between his protected activity and FHWA's failure to promote him. The EEOC also stated that Stark failed to demonstrate that the decision-makers knew that he had engaged in the protected activity.

3

Stark filed suit in this court on February 24, 2014, alleging violations of federal anti-discrimination laws. The court thus has jurisdiction under 28 U.S.C. § 1331.

ANALYSIS

The court must dismiss a cause of action that fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although Stark is representing himself, he has a law degree, and he signed his pleadings as a lawyer, albeit one without a current license. Because Stark invokes his status as a lawyer, the court will not give his complaint the lenient consideration afforded to the typical pro se litigant. *Cole v. C.I.R.*, 637 F.3d 767, 773 (7th Cir. 2011).

Stark's case does not pose the problems addressed in *Twombly* and *Iqbal*. Stark alleges that he is old enough to be protected by the ADEA, he applied for a promotion for which he was qualified, and the position went to someone younger. Under Seventh Circuit law, this is generally enough to present a plausible claim for relief in a discrimination case. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010). Whether Stark's failure to get the promotion is the result of discrimination or retaliation is a question for trial or perhaps summary judgment. Stark's bulky complaint is certainly not one in which he has merely recited the elements of his cause of action. Conclusory assertions of the elements of a claim are insufficient, *Iqbal*, 556 U.S. at 678, in part because they do not provide adequate notice of the claim the defendant must defend.

If anything, Stark's complaint has the opposite problem. He has apparently set out his entire case in his complaint by attaching his 63-page Complainant Motion for Decision Without a Hearing from his EEOC case. Dkt. 1-4. If Stark were to prove all the facts in his EEOC motion, but no others, he would likely lose. He contends that the FHWA panel said that it did

not promote him because his supervisory experience was outdated. Although this consideration arguably correlates with age, that is not enough to prove age discrimination. The retaliation he alleges involves an excessive delay between his protected activity and the retaliation, which tends to negate any inference of retaliation. Stark will need more evidence to prove his case, but he has alleged enough to get discovery to see if he can find it.

**A. Age discrimination**

The applicable provision of the ADEA provides that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age [in various federal government posts] shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). To adequately plead age discrimination, Stark must allege facts that plausibly show that FHWA did not select him for the ADA position because of his age, which would generally require him to allege facts supporting a prima facie case. Stark was 53 years old at the time he applied. He alleges that he was included on the list of applicants certified as qualified, and the position went to a somewhat younger applicant, age 46. He alleges that by not selecting him for the ADA position, his employer "discriminated against him on the basis of age." Dkt. 1, at 5. Under *Swanson*, these allegations are minimally sufficient to withstand a motion to dismiss. 614 F.3d at 404-05.

Although it is not necessary to state a claim for discrimination, Stark also alleges that his employer's proffered nondiscriminatory reasons are a pretext. The main reason given by FHWA for preferring the successful candidate is that his supervisory experience was more current than Stark's. Stark contends that this is a cover for age discrimination, because "one cannot have 'old' experience unless one is old," Dkt. 1, at 5. But an employment decision based on a factor that tends to correlate with age is not necessarily a discriminatory decision. *See, e.g., Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993). So Stark's case looks like a weak one, especially

5

because the successful candidate was only a few years younger than Stark. But it is too early to decide the case on the merits. Stark may proceed on his discrimination claim, and discovery may yield evidence to show that the FHWA hiring committee was actually motivated by Stark's age and not just his outdated supervisory experience.

## B.  Retaliation for the 2006 complaint relating to the Annual Meeting

Stark argues that FHWA did not select him as ADA in retaliation for filing a complaint to the OIG in 2006. His 2006 complaint alleged that FHWA engaged in "promoting unprofessional and inappropriate conduct in conjunction with the planning, funding, and execution of its internal Annual Meeting." Dkt. 1-4, at 31. From his filings, Stark's objection appears to have been to the excessive expense of time and resources in preparing for and hosting the Annual Meeting. He also opposed using junior employees to host and serve the senior guests because it was "inappropriate and disrespectful" to the junior employees. Defendant responds that Stark was not engaging in a protected activity when he filed the complaint because he was not reporting discrimination prohibited by Title VII.

To sufficiently plead a retaliation claim under Title VII, Stark must "allege that [he] engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). A protected activity is one that identifies discrimination based on sex, race, national origin, or some other protected class. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) ("[C]omplaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient.").

Stark has failed to plead that he engaged in a protected activity. His complaint to the OIG reported general misuse of resources in connection with the Annual Meeting. It did not

6

specifically report discrimination based on membership in a protected class and therefore it was not a protected activity. His claim based on retaliation for his 2006 report will be dismissed. *Smith v. EMB, Inc.*, 576 F. App'x 618, 620 (7th Cir. 2014) (explaining that a plaintiff must plead that he "engaged in a specifically identified *protected* activity.") (original emphasis) (citations omitted).

**C.  Retaliation for the 2007 complaint of sexual harassment**

Stark also alleges that his non-selection was retaliation for emailing his supervisor on April 15, 2007, to report that another employee, Division Administrator Matzke, had "engaged in unwelcome sexual conduct" toward female employees. Dkt. 1, at 3. This email report is a protected activity that would support a claim of retaliation. Defendant seeks dismissal of any claim based on retaliation for the 2007 report on the grounds that Stark's allegations are implausible. Defendant argues that Stark has failed to plead that the decision-makers on the hiring panel knew about his protected activity and that too much time has passed between the complaint and the promotion decision.

Again, defendant's arguments go to the strength of Stark's case. Stark alleges that Matzke told him that his report "would come back to cost" him. Stark alleges interconnected and ongoing relationships within FHWA, and he alleges irregularities in the hiring process. The inquiry is not whether the department is well run or whether the hiring process was well managed. *Magnus v. St. Mark United Methodist Church*, 688 F.3d 331, 338 (7th Cir. 2012) (the court does "not sit as a kind of 'super-personnel department' weighing the prudence of employment decisions") (citations omitted). But the alleged irregularities, combined with the relationships and incentives of the decision-makers, could give rise to a plausible inference of retaliation.

7

Defendant cites case law suggesting that a four-year lag between a protected activity and an adverse action cannot raise a reasonable inference of retaliation. *See, e.g., Carmody v. Bd. of Trustees of Univ. of Illinois*, 747 F.3d 470, 480 (7th Cir. 2014) (dismissing a claim at the pleading stage because three years was too long to allow a reasonable jury to infer causation without some explanation for the delay). But there is no bright-line rule to determine whether a retaliation claim is plausible. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 829 (7th Cir. 2014). Stark has done more than merely "allege that he engaged in protected activity and then, years later, the employer took an adverse action against him." *Carlson*, 758 F.3d at 828 (distinguishing *Carmody*). Stark's complaint sketched out a theory connecting his protected activity with FHWA's failure to promote him through Matzke and the panel. The theory is not a compelling one, but it is minimally plausible, and he will therefore be allowed to proceed on this claim.

ORDER

IT IS ORDERED that Defendant Anthony Renard Foxx's motion to dismiss the complaint, Dkt. 8, is GRANTED in part and DENIED in part. Plaintiff William Truman Stark may proceed on his claim of age discrimination and his claim of retaliation for reporting sexual harassment. Stark may not proceed on his claim of retaliation for reporting misuse of resources in connection with the Annual Meeting.

Entered March 20, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge